STATE of Tennessee, Appellee,

v.

William Clay GANT, Appellant.

Court of Criminal Appeals of Tennessee, Nashville.

March 16, 1981.

Permission to Appeal Denied By Supreme Court June 1, 1981.

William M. Leech, Jr., Atty. Gen., James A. DeLanis, Asst. Atty. Gen., David L. Raybin, Asst. Dist. Atty. Gen., Nashville, for appellee.

James L. Weatherly, Jr., Asst. Public Defender, Nashville, for appellant.

## OPINION

O'BRIEN, Judge.

This is an interlocutory appeal arising under Rule 9, Tennessee Rules of Appellate Procedure, and raises the question of whether the trial court properly overruled a motion to dismiss the indictment for failure to grant a preliminary hearing under the provisions of Tennessee Rule of Criminal Procedure 5(e). The appeal having been granted by both the trial court and this Court, we do not decide today if this is the proper avenue for the appeal. See *State v. Willoughby*, 594 S.W.2d 388 (Tenn.1980).

The background of the case shows that appellant is under indictment in the Criminal Court for Davidson County for the offenses of criminal sexual conduct and armed robbery. On January 3, 1980 he was arrested on warrants charging him with the offenses of sodomy and armed robbery. He requested and was granted a preliminary hearing in the General Sessions Court which was scheduled for January 11, 1980. On the date set for the hearing a written motion to suppress identification testimony by the alleged victim was filed. At the hearing in General Sessions Court the Assistant District Attorney General representing the State informed the court that the only evidence they intended to produce was identification by their witnesses. The State first declined to oppose the motion. Motions were granted to exclude the defendant from the courtroom during the preliminary hearing and to preclude the prosecuting witness from identifying defendant as the person who committed the acts charged in the warrants. The warrants were dismissed for lack of proof.

On April 22, 1980 the Davidson County Grand Jury returned indictments charging defendant with the offenses set out previously. A motion to dismiss the indictment was filed on behalf of defendant. After a hearing the trial judge dismissed the motion, finding that the proceedings initiated by the issuance of the warrants had been terminated when the charges were dismissed in General Sessions Court under the authority of *Waugh v. State*, 564 S.W.2d 654 (Tenn.1978). He held that the return of the indictment by the Davidson County Grand Jury commenced a new criminal proceeding against the defendant. We affirm the judgment of the trial court.

We are of the opinion the motion to suppress identification testimony in the General Sessions Court put the State in an untenable position in light of the District Attorney General's statement that they intended to introduce no other proof than identification testimony to establish probable cause. The defendant's motion requested that the State be precluded from presenting identification testimony. If, in fact, the State had no other evidence to offer then it is obvious the District Attorney was completely stalemated in presenting the case. There was no way to show probable cause at a preliminary hearing. Under Criminal Procedure Rule 5(e), the case could be presented to a grand jury only at the peril of having the indictment dismissed for failure to provide the preliminary examination in the first instance.

Under the provisions of Rule 5.1, it was the duty of the General Sessions Judge to hold a hearing to determine whether or not the evidence should have been excluded from his consideration in determining probable cause. If, under the rules of evidence, the identification testimony should have been excluded, and the State introduced no other evidence, it would have failed in its mission to have the defendant bound over for further proceedings. Defendant was clearly not denied a preliminary examination by any action on the part of the State's attorney. It was the duty of defense counsel to insist on a hearing to determine whether or not the evidence should have been excluded from consideration by the magistrate as the trier of fact in the General Sessions Court. As our Supreme Court said in *Willoughby*, supra:

"If the preliminary hearing is to serve its historic purpose as a probable cause hearing, the State must be permitted to call

any witness whose testimony is designed to show probable cause. By the same token, the defendant must be permitted to call any witness whose testimony is designed to refute probable cause or screen out questionable prosecutions. The test, in either event, must be good faith. The State has the duty to call only such witnesses as it feels are required to establish probable cause. It is not required to call all witnesses having knowledge of the facts; by failing to call other witnesses it assumes the hazards of the defendant not being bound over.

The defendant, at his option, may testify or not and has the right to call such witnesses, irrespective of their connections or normal alliances, as his counsel, acting in good faith, believes to be calculated to negate probable cause.

The presiding judge has full control over the hearing and may decline to hear further proof from the State when, in his view, probable cause has been established. He may decline to hear from the defendant such proof as, in his best judgment, is solely designed for discovery purposes, but may not abridge the right of the defendant to have a full, bona fide opportunity to refute probable cause."

It is plain that the preliminary examination, with the opportunity afforded for discovery and the determination of probable cause, was cut off by the motion to suppress. We do not find bad faith on the part of the State. *Moore v. State*, 578 S.W.2d 78 (Tenn.1979). Defendant was not denied a preliminary hearing. Had the matter been pursued successfully, with the General Session Judge finding a lack of probable cause to bind him over, nothing in the law would prevent the State from initiating a new prosecution by indictment. *Waugh v. State*, supra. If defendant is correct in his assertion that the identification procedures violated his right to due process the matter can be properly brought to the court's attention by appropriate motions at the trial level.

Affirmed and remanded for further proceedings in accordance with this opinion.

WALKER, P. J. and BYERS, J., concur.