**STATE of Tennessee, Appellee,**

v.

**Leonard SMITH, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Dec. 19, 1990.

Gregory H. Bowers, Allen, Nelson & Bowers, (At Trial and On Appeal), Robert E. Cupp, Elizabethton, (At Trial Only), for appellant.

Charles W. Burson Atty. Gen. and Reporter, Bettye Springfield–Carter, Asst. Atty. Gen., Nashville, Kenneth C. Baldwin, Asst. Dist. Atty. Gen., Elizabethton, for appellee.

## OPINION

DWYER, Judge.

Leonard Smith appeals from the Johnson County Criminal Court's judgment finding him guilty of violating T.C.A. § 39–5–202, introducing contraband to the grounds of the Carter County Jail. The contraband in question was a small loaded pistol. The trial court sentenced appellant to ten years imprisonment.

The facts of the matter will be recounted from our review of the record. In January, 1989, appellant was incarcerated at the Carter County Jail. He created a disturbance when he was unable to have a contact visit with guests who had come to see him. As a result of the disturbance, the appellant was placed in maximum security dressed in an undershirt, jail pants, and slippers. He subsequently requested that his clothes and shoes be brought to him from his original jail cell.

Officer Lewis of the Carter County Jail went to the cell which appellant shared with several other inmates. In the cell, the other inmates pointed out which were the appellant's personal belongings. In accordance with standard policy, Officer Lewis

searched the items for contraband before bringing them to appellant. In so doing, he discovered a small loaded .22 caliber Derringer mini-revolver and a handcuff key hidden in the heel of one shoe. The name Michael Hamm and part of a social security number were stamped into the shoe. No one by that name was in the prison.

The appellant did not testify on his own behalf, but did offer the testimony of two prison inmates who knew him and testified that he owned tennis shoes while in prison, not the work boots in question.

The appellant raises three issues for review on this appeal. The first of those alleges that the trial court erred in overruling his objection to evidence introduced by the State.

At one point in the trial, the State sought to prove that the shoes in question did belong to appellant by having an officer attempt to place them on appellant's foot. The shoe did not readily fit. The State then attempted to show that it was possible for any person so determined to keep a shoe from being placed on his foot. The prosecutor, who stated that he had been a shoe salesman for seven years, then removed his own shoe which he had been wearing all day and asked the officer to try to put the shoe back on. Defense counsel objected vociferously that the prosecutor was making himself a witness. After a long debate, the trial court overruled the objection and permitted the prosecutor to proceed with the demonstration.

During the demonstration, the prosecutor made visible efforts to prevent the shoe from being placed on his foot. The record reflects that he moved his body about in the chair and even drove the chair some twenty feet backwards. The defense contended that · in so doing the prosecutor made himself a witness, but one who could not be cross-examined. Defense counsel objected that if anyone else had performed the experiment, that person could have been asked whether he knew if the appellant had taken the same actions to keep the shoe off his foot and other questions.

The State argues that the trial court did not abuse its discretion in allowing the attorney general to demonstrate that an individual could make it difficult for a shoe to be placed on his foot. We cannot agree with this reasoning and accordingly reverse the trial court's decision.

In Tennessee, the law is clear that when an appellate court reviews instances of improper conduct by a prosecutor, we look to see whether such conduct could have affected the verdict to the prejudice of the defendant. *Judge v. State*, 539 S.W.2d 340, 344 (Tenn.Crim.App.1976). The prosecutor is an advocate, entitled to pursue his case with vigor, yet he also has an obligation to seek the truth. He has the freedom to strike hard blows, but they must not be foul ones. *Id.* at 345. It is also very much his duty to refrain from improper methods. *Id.* at 345.

In the case *sub judice*, the prosecutor essentially became a witness for his cause and lent the weight of his office to the demonstration; yet due to his status he was not subject to cross-examination. It would have perhaps been proper for the State to have another person who could have been cross-examined participate in the demonstration, but the State chose not to do so. In a case where the evidence presented by each side was relatively close and the evidence of guilt not overwhelming, the questionable demonstration could have easily been sufficient to have affected the verdict to the appellant's prejudice. Accordingly, the issue is sustained. Having sustained appellant's first issue, we need not reach the other two. The case is hereby reversed and remanded for a new trial.

SUMMERS, J., and WILLIAM M. DENDER, Special Judge, concur.