**STATE of Tennessee, Appellant,**

v.

**Barry Scott DIXON, Appellee.**

Court of Criminal Appeals of Tennessee, at Nashville.

March 3, 1992.

Charles W. Burson, Atty. Gen. and Reporter, Kathy M. Principe, Asst. Atty. Gen., Nashville, Lawrence Ray Whitley, Dist. Atty. Gen., Marsha Selecman, Asst. Dist. Atty. Gen., Gallatin, for appellant.

John Wesley Jones, Gallatin, for appellee.

## OPINION

JONES, Judge.

The State of Tennessee appeals of right from the judgment of the trial court dismissing counts two, three and four of an indictment the Sumner County Grand Jury returned against Barry Scott Dixon. The trial court, declaring that it was bound by the general sessions court's suppression of evidence seized by officers following Dixon's arrest, dismissed counts two and three after the State declared that it could not prosecute the appellant without the contraband in question. Tenn.R.App.P. 3(c)(1).

The State of Tennessee contends that the trial court was not bound by the judgment of the general sessions court suppressing the contraband. Nor did the judgment prohibit the State from presenting the contraband to the grand jury when seeking the indictment in this case. Dixon, the appellee in this Court, contends that the judgment of the general sessions court was not abrogated by the return of the indictment; and, before the State was entitled to relief, it was required to seek review in the criminal court pursuant to the remedy of certiorari.

This Court is of the opinion and finds that the judgment of the general sessions court suppressing the contraband in question did not prohibit the State from presenting the contraband to the grand jury when seeking the indictment against Dixon; and the trial court was not bound by the judgment of the general sessions court suppressing the contraband. Consequently, the judgment of the trial court dismissing counts two and three of the indictment is reversed; and this cause is remanded to the trial court for further proceedings. The State conceded in the trial court that count four of the indictment was properly dismissed. Moreover, this issue has not been raised by the Attorney General in

698

this Court. Thus, the judgment of the trial court dismissing count four is affirmed.

## I.

A police officer discovered that Dixon did not have a valid driver's license while investigating a motor vehicle accident involving Dixon's pickup truck. Further investigation revealed that Dixon's driver's license had been revoked. Dixon was subsequently arrested for driving a motor vehicle after his license had been revoked; and Dixon was transported to the Sumner County Jail. The officer subsequently found twelve (12) marijuana "roaches" in the ashtray of Dixon's pickup truck. The officer issued a citation to Dixon for the simple possession of marijuana.

Dixon sought and received a preliminary hearing in the general sessions court. Defense counsel moved the court to suppress the marijuana "roaches" during the hearing. The general sessions judge granted Dixon's motion; and the drug offense was dismissed. However, Dixon was held for action by the grand jury on the offense of driving a motor vehicle after his driver's license had been revoked.

The Sumner County Grand Jury returned a four count indictment against Dixon. The first count charged the offense of driving a motor vehicle after his driving privileges were revoked; and the fourth count sought to enhance the offense because he had five (5) prior convictions for this offense. The second count of the indictment charged the simple possession of marijuana, a Schedule VI controlled substance; and the third count of the indictment sought to enhance the offense to a Class E felony because Dixon had four prior drug related convictions.

Dixon moved the trial court for the entry of an order dismissing counts two and three of the indictment. The motion was predicated in part upon the judgment of the general sessions court suppressing the marijuana "roaches." The motion alleged in part:

The decision of the General Sessions Court has become a final and non-appealable judgment. The action of the Sumner County Grand Jury in indicting the Defendant for said offense is based on a probable cause standard and cannot abrogate a judicial decision as to the legality and constitutionality of the search resulting in the finding of the said Schedule VI controlled substance in Defendant's possession. It is Defendant's belief that the Grand Jury was not advised of the judicial decision of the General Sessions Court as that particular warrant was not transmitted to the Grand Jury but retained in the files of the General Sessions Court Clerk's Office.

Defense counsel stated during argument on the motion:

I suggest to the Court, and I believe it is a correct position, that once a judicial decision is made as to the nullity of a search then the State can't simply go and indict a person for that very same crime and say that wipes out any judicial decision. I think the State's remedy in this case would have been by common law writ of certiorari, to have filed that with this Court, and asked this Court to review the judicial decision made in [the] General Sessions Court. That is, as I read the law, is actually the substitute in General Sessions Court for an appeal, which you have a right to. In Criminal Court, as Your Honor well knows, if you rule adversely on search and seizure, you can appeal that to the Court of Criminal Appeals. The law in Tennessee as I have always gone by, and, of course, I could be incorrect, but always from the General Sessions Court if the State wanted to take an appeal that is the method whereby an appeal was taken. There is no other remedy for the State that I know of to take appeal from the General Sessions court other than on that basis.

The trial court sustained Dixon's motion. The trial court said in ruling:

[T]here was a suppression hearing at [sic] General Sessions Court, and that [sic] motion to suppress was granted, and that therefor [sic] it cannot be brought back by way of going to the grand jury. The proper way would be appeal by the State, which is called certiorari, as you know. Then, at that time, you can get an opinion of another judge.

It strikes me as just too odd that a competent judge and I know that there is no question being made about the competency, can make a ruling and suppress evidence and then you go before 12 untrained people and say, well, this is going to be brought to trial now; let's just forget about that ruling; the Judge was wrong; didn't know what they were doing, in essence—you were not flippant, and I don't intend that. That's just the way it seems to me, and I'm giving you the benefit of my thinking—and let those 12 people overrule the judicial act.

\* \* \* \* \* \*

I grant the motion as presented.

## II.

The vast majority of misdemeanor prosecutions originate in the general sessions court. When this occurs, an accused has three options available to him. The accused has the option of waiving a preliminary hearing and being held for action by the grand jury, submitting to the jurisdiction of the general sessions court for a determination of his guilt, or seeking a preliminary hearing. In the case *sub judice,* Dixon opted for a preliminary hearing pursuant to Rule 5(c)(2), Tenn.R.Crim.P.

■ The Rules of Criminal Procedure have limited application to proceedings in the general sessions court. Rule 1(c) and –(f), Tenn.R.Crim.P., provide that the rules apply to "preliminary examinations pursuant to Rule 5.1" and "search and seizure pursuant to Rule 41." Rule 5.1(a) provides in part: "Rules excluding evidence from consideration by the magistrate on the ground that it was acquired by unlawful means are applicable." In summary, an accused who opts to have a preliminary hearing may move the general sessions court to enter an order suppressing evidence which has been obtained as a result of an illegal search or seizure. If the general sessions court grants an accused's motion to suppress, the court is not to consider the illegally obtained evidence in determining whether there is probable cause to believe that the accused committed the offense in question. In the event the remaining evidence is insufficient to establish the requisite probable cause, the general sessions court may terminate the prosecution against the accused. Tenn.R.Crim.P. 5.1(b). On the other hand, if the balance of the evidence establishes the requisite probable cause, the general sessions court is required to hold the accused for action by the grand jury.

■ When a general sessions court opts to suppress evidence during a preliminary hearing, the ruling is limited in scope to the preliminary hearing. The ruling does not prohibit the State from presenting the contraband to the grand jury when seeking an indictment against the accused; and the ruling is not binding upon the criminal court if the grand jury returns an indictment against the accused. The Committee Comment to Rule 41, Tenn.R.Crim.P., supports this conclusion. The Committee Comment states in part:

> Property ordered suppressed or otherwise excluded from admission into evidence by any General Sessions Court or court exercising that jurisdiction shall not be returned to any owner or claimant over the objection of the District Attorney General or his representative. The State must be free to pursue the prosecution to the next level, without being stripped of its evidence. The motion under subsection (f) is meant to apply only to courts of record of general criminal trial jurisdiction such as Circuit and Criminal Courts.

As can be seen, a general sessions court can suppress evidence incident to a preliminary hearing, but it cannot return the property suppressed if the district attorney general objects. As the comment suggests, a ruling of the general sessions court cannot bar the State from submitting the evidence to the grand jury when it seeks an indictment for the same offense. It further suggests that the ruling of the general sessions court is not binding upon the criminal or circuit court if the grand jury returns an indictment against the accused. In other words, the criminal or circuit court must decide the admissibility of the evidence anew.

## III.

Dixon was not entitled to have counts two and three of the indictment dismissed on the ground the grand jury considered evidence obtained in violation of the Fourth Amendment to the United States Constitution and Article I, § 7 of the Tennessee Constitution. It has long been established that a grand jury can consider evidence obtained in violation of an accused's constitutional rights notwithstanding the fact the evidence will be inadmissible at the ensuing trial. *United States v. Calandra*, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974); *Lawn v. United States*, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958). The exclusionary rule does not apply to grand jury proceedings. *United States v. Calandra, supra.*

In this jurisdiction the sufficiency and legality of the evidence considered by a grand jury is not subject to judicial review. *See State v. Gonzales*, 638 S.W.2d 841, 844–845 (Tenn.Crim.App.1982) [unsworn testimony of witnesses]; *State v. Northcutt*, 568 S.W.2d 636, 639 (Tenn.Crim.App.1978) [prior record of the accused]; *Casey v. State*, 491 S.W.2d 90, 91–92 (Tenn.Crim.App.1972) [hearsay evidence]; *Hobby v. State*, 480 S.W.2d 554, 556 (Tenn.Crim.App.1972) [ownership of premises in a burglary case]; *Parton v. State*, 2 Tenn.Crim.App. 626, 629–630, 455 S.W.2d 645, 647–648 (1970) [hearsay evidence]; *McGee v. State*, 2 Tenn.Crim.App. 100, 105–106, 451 S.W.2d 709, 712–713 (1969) [illegal confession and unlawful search]. In *McGee* the accused moved the trial court to set aside his plea of guilty so that he could challenge the validity of the indictment returned against him. He alleged that the grand jury considered an inadmissible confession and evidence obtained through an unlawful search. This Court held that the accused was not entitled to challenge the indictment on this ground. In ruling, the Court said: "The general rule is that the law does not permit the court to go behind an indictment to inquire into the evidence considered by the grand jury to determine whether it was in whole or in part competent and legal." 2 Tenn.Crim.App. at 105–106, 451 S.W.2d at 712–713.

In summary, if an indictment is valid on its face, it is sufficient to require a trial to determine the guilt of the accused regardless of the sufficiency and/or antecedence of the evidence considered by the grand jury. *Burton v. State*, 214 Tenn. 9, 15–18, 377 S.W.2d 900, 902–904 (1964); *State v. Gonzales*, 638 S.W.2d at 844–845; *State v. Northcutt*, 568 S.W.2d at 639; *Parton v. State*, 2 Tenn.Crim. App. at 630, 455 S.W.2d at 648.

BIRCH and SUMMERS, JJ., concur.