**STATE of Tennessee, Appellant,**

v.

**Jonathon D. GOLDEN, Appellee.**

Court of Criminal Appeals of Tennessee, at Nashville.

July 26, 1996.

Permission to Appeal Denied by Supreme Court Feb. 10, 1997.

Colley & Colley, John S. Colley, III, Columbia, for Appellee.

Charles W. Burson, Attorney General & Reporter, Christina S. Shevalier, Assistant Attorney General, Criminal Justice Division, Nashville, Joseph D. Baugh, Jr., District Attorney General, Derek K. Smith, Asst. District Attorney General, Franklin, for Appellant.

## OPINION

HAYES, Judge.

The State of Tennessee appeals as of right from the trial court's dismissal of a two count presentment charging the appellee, Golden, with the misdemeanor offenses of possession of marijuana and possession of drug paraphernalia. Following presentment by the grand jury, the trial court granted the appellee's motion to dismiss finding that the State had acted in bad faith in depriving the appellee of his right to a preliminary hearing.

The State contends that the trial court's finding of "bad faith" is not supported by the record. We disagree and affirm the judgment of the trial court.

## BACKGROUND

The record reflects that the appellee was stopped for speeding on November 30, 1994, by a Williamson County deputy sheriff. At the deputy's request, the appellee consented to a search of his vehicle. During the search of the vehicle, the deputy seized a "smoking pipe" and "rolling papers." The appellee was issued a citation to appear in the General Sessions Court of Williamson County on the charge of possession of drug paraphernalia. Six days prior to the scheduled preliminary hearing, the appellee filed a motion to suppress the evidence obtained from the search of his vehicle. At the hearing on January 25, 1995, the appellee presented his motion to suppress. In support of the motion, the appellee called the arresting officer as his witness. At this time, the State advised the court that "for purposes of general sessions, for purposes of preliminary hearing, that we're not going to object to that motion ..." The court then granted appellee's motion to suppress and dismissed the case for lack of probable cause.

On February 13, 1995, the Williamson County Grand Jury returned a two count presentment against the appellee, charging him with possession of drug paraphernalia and possession of marijuana.[1] On March 23, 1995, the appellee filed a motion to dismiss the indictment upon the ground that he was denied his right to a preliminary hearing and a suppression hearing in the general sessions court. On May 23, 1995, the trial court granted the appellee's motion to dismiss finding that the State, acting in bad faith, effectively denied the appellee his right to a preliminary hearing. The State appeals from this ruling.

## ANALYSIS

It is settled law in this jurisdiction that, while a preliminary hearing is not constitu-

---

1. The lab report from the Tennessee Bureau of Investigation filed in the record indicates that the appellee was allegedly in possession of 1.0 gram of marijuana.

tionally required, it is a critical stage of a criminal prosecution mandated by statutory law and is an adversary proceeding at which the usual rules of evidence apply. *Moore v. State,* 578 S.W.2d 78, 80 (Tenn.1979). (citing *Coleman v. Alabama,* 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970); *Waugh v. State,* 564 S.W.2d 654 (Tenn.1978); *McKeldin v. State,* 516 S.W.2d 82 (Tenn.1974)).

■ The principal function of a preliminary hearing is to determine whether probable cause exists to believe that the accused committed the offense charged and to fix the amount of bail in bailable offenses. Tenn. R.Crim.P. 5.1; *State v. D'Anna,* 506 S.W.2d 200, 203 (Tenn.Crim.App.1973). Inherent within the magistrate's findings of fact supporting the probable cause determination is the finding that the facts introduced are admissible and do not infringe upon constitutional guarantees. Rule 5.1(a) of the Tennessee Rules of Criminal Procedure provides in pertinent part:

> ... The finding that an offense has been committed and that there is probable cause to believe that the defendant committed it shall be based upon evidence which may not be inadmissible hearsay, except documentary proof of ownership and written reports of expert witnesses. The defendant may cross-examine witnesses against him and may introduce evidence *in his own behalf.* Rules excluding evidence from consideration by the magistrate on the ground that it was acquired by unlawful means are applicable....

It is fundamental that motions to suppress illegally seized evidence are appropriate at the preliminary hearing.

■ The State argues that it complied with the applicable rules of criminal procedure when it obtained the presentment against the appellee following the dismissal of the case for lack of probable cause by the general sessions judge. Moreover, the State contends that it was not acting in bad faith when it acquiesced to the appellee's motion to suppress. Rule 5(e) of the Tennessee Rules of Criminal Procedure provides as follows:

> Any defendant arrested prior to indictment or presentment for any offense, whether a misdemeanor or felony, except small offenses, shall be entitled to a preliminary hearing upon his request therefor, whether the grand jury of the county be in session or not. If the defendant is indicted during the period of time in which his preliminary hearing is being continued, or at any time before accused has been afforded a preliminary hearing on a warrant, whether at his own request or that of the prosecutor, he may dismiss the indictment upon motion to the court. *Provided, however, that no such Motion to Dismiss shall be granted after the expiration of thirty days from the date of the defendant's arrest.*

Tenn.R.Crim.P. 5(e) (emphasis added). The Tennessee Supreme Court in *Moore,* 578 S.W.2d at 78, created an exception to the thirty-day rule. In *Moore,* our supreme court held that:

> The 30–day limitation ... is applicable only when all parties—including the defendant, who must act promptly—have acted in good faith and in compliance with the statute. The failure of the court or the prosecution to exercise good faith and to abide the law operates to toll the statute and preclude its invocation.

*Id.* at 82. Thus, the question central to our review is whether the State acted in "bad faith" to deprive the appellee of his right to a preliminary hearing.[2]

The trial court found that the state, in bad faith, effectively denied the appellee a preliminary hearing. The trial court noted:

> In this and similar cases, the State has taken the position that if a defendant seeks

---

**2.** As authority for its position, the State cites to *State v. Gant,* 622 S.W.2d 75 (Tenn.Crim.App. 1981). We refrain from any attempt to analogize or distinguish the facts in the present case from those in *Gant* as the facts in *Gant* are not suffi-

ciently developed to complete such an analysis. As the issue of determining "bad faith" is a fact specific issue, we are precluded from addressing the State's contention in this opinion.

to enforce his or her right to a preliminary hearing exclusive of illegally obtained evidence, the response will be to not oppose the motion to suppress and allow the warrant to be dismissed for lack of probable cause.... That the State's action is in bad faith is obviated by the fact it now seeks to use the same evidence whose suppression it did not oppose on preliminary hearing to prosecute the defendant after an indictment has been returned. It is the opinion of this court that the State should have not been allowed to ignore the procedural laws by such a stratagem.... [3]

We reach the same conclusion as did the trial court. The State offers no explanation why the same witness who testified before the grand jury was, in effect, not permitted to testify at the suppression hearing. Accordingly, we conclude that the State, in not opposing appellee's motion to suppress, was not acting in good faith.

Our ruling in this case does not intend to imply that the State is always precluded from presenting a case to the grand jury following a dismissal of the warrant before a preliminary hearing. Rather, this opinion permits a dismissal of an indictment when it has been determined that the State, acting in *bad faith*, effectively denies the accused a preliminary hearing.

 Bad faith may be defined as the state of mind involved when one is not being faithful to one's duty or obligation. *See generally* BLACK'S LAW DICTIONARY 693 (6th ed. 1990). The duty of a prosecutor is twofold. In one instance, he is the guardian of the State's interest. At the same time, the prosecutor is the protector of the rights of the accused. At all times, the prosecutor's goal remains, not that he shall win a case, but that justice shall be done. *See Berger v. United States*, 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935). Thus,

[H]e may prosecute with earnestness and vigor—indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods as it is to use every legitimate means to bring about a just one.

*Id.* *See also State v. Spurlock*, 874 S.W.2d 602, 611 (Tenn.Crim.App.1993); *State v. Smith*, 803 S.W.2d 709, 710 (Tenn.Crim.App. 1990). Although the prosecutor's actions in the present case may not have originated from a malicious intent, his intent, standing alone, is insufficient to remove the taint of "bad faith" from his actions. The record supports a finding that the prosecutor did not fulfill his duty as "protector of the rights of the accused." Accordingly, he acted in "bad faith."

For the reasons stated above, we affirm the judgment of the trial court.

WILLIAM S. RUSSELL, Special Judge, concurs.

SMITH, Judge, dissenting.

I must respectfully dissent from the Court's holding in this case that the prosecution's action in declining to oppose a motion to suppress evidence amounts to a "bad faith" denial of a criminal defendant's right to a preliminary hearing. While Rule 5.1(a) of the Tennessee Rules of Criminal Procedure allows a suppression motion to be considered at the preliminary hearing stage, nothing in the rule requires the filing of such a motion. Indeed, if a defendant wishes to avail himself of the discovery benefits of a preliminary hearing, he may wish to hear all of the prosecution's evidence and reserve the right to seek suppression of the evidence in criminal court should an indictment or presentment be eventually returned. Similarly, there is no duty on the part of the prosecution to actively oppose a motion to suppress at the preliminary hearing stage. Whether evidence will be suppressed is a decision to be made by the judge at the hearing regard-

---

**3.** The presentment indicates that the only proof introduced to the grand jury, other than the TBI Crime Lab report, was the testimony of the Wil- liamson County deputy sheriff who was the arresting office in the case.

less of whether the motion to suppress is contested. In this case it was the general sessions judge, not the prosecutor who suppressed the evidence at Appellant's insistence, and then dismissed the charges. If the State had opposed the motion to suppress and had lost on the issue, the prosecution would nevertheless have the right to present the suppressed evidence to the grand jury and obtain an indictment or presentment based on that evidence. *State v. Dixon,* 880 S.W.2d 696, 699 (Tenn.Crim.App. 1992).

I fail to see what difference it makes here that the State elected not to contest the motion to suppress. In other words, whether opposed or not, Appellant got exactly what he asked for, suppression of evidence against him.

"Bad faith" on the part of the State in this area of the law has heretofore been thought to be the action of intentionally procuring a continuance of the preliminary hearing beyond the 30–day time period of Rule 5(e), Tennessee Rules of Criminal Procedure, for the purpose of presenting the case directly to the grand jury thereby depriving the defendant of a preliminary hearing. *See, e.g., Moore v. State,* 578 S.W.2d 78 (Tenn.1979); *State v. Mackey,* 638 S.W.2d 830 (Tenn.Crim. App.1982) (holding State's failure to oppose a continuance of preliminary hearing at the request of the defense is not "bad faith" and presentation of case to grand jury during continuance was proper.) A mere failure to contest defense motions that, if granted, may result in a continuance of the preliminary

hearing or even a dismissal of the charges has never heretofore been thought to constitute "bad faith".

The case of *State v. Gant,* 622 S.W.2d 75 (Tenn.Crim.App.1981), is directly on point to this issue. In *Gant* the defendant at the preliminary hearing stage filed a motion to suppress eyewitness identification testimony, and the State elected not to oppose the motion. Suppression was granted and the charges dismissed. The case was presented to the grand jury and indictments were returned. Although the defendant in *Gant* alleged prosecutorial "bad faith" under circumstances virtually identical to those presented in the instant case, this Court rejected any notion that the prosecution had improperly denied the defendant a preliminary hearing. I see no difference in *Gant* and in the instant case and no reason to depart from the holding in *Gant.*[1]

Accordingly, I would reverse the judgment of the trial court and remand this case for trial on the presentment returned by the grand jury.

---

1. The trial court and the majority suggests that the record reflects a pattern on the part of the prosecution in this case of declining to oppose suppression motions at preliminary hearings and then presenting the case to the grand jury when the charges are dismissed. Apart from the statements of defense counsel, which are not evidence, that the prosecution utilizes such a tactic there is nothing in the record to support this finding. Even if evidence of a pattern were present, I fail to see how a defendant can complain of the denial of a preliminary hearing when he himself sought and obtained suppression of evidence and the dismissal of charges which foreclosed a full hearing with its concomitant discovery benefits.