IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MAY 1998 SESSION

FILED

September 18, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | No. 01C01-9706-CC-00173 |
| Appellant, | * | Williamson County |
| vs. | * | Hon. Henry Denmark Bell, Judge |
| LONNY D. HAZELWOOD, | * | (Rule 9, Interlocutory Appeal) |
| Appellee. | * | |

For Appellee:

Edward P. Silva
P.O. Box 664
Franklin, TN  37065

Roger Reid Street, Jr.
339 Main Street
Franklin, TN  37064

For Appellant:

John Knox Walkup
Attorney General & Reporter

Lisa A. Naylor
Assistant Attorney General
425 Fifth Avenue North
Cordell Hull Building, Second Floor
Nashville, TN  37243-0493

Derek K. Smith
Assistant District Attorney General
P.O. Box 937
Franklin, TN  37065-0937

OPINION FILED:_____

AFFIRMED AND REMANDED

GARY R. WADE, PRESIDING JUDGE

On July 8, 1996, the defendant, Lonny D. Hazelwood, was charged with driving under the influence. The trial court suppressed the results of a blood alcohol test. The State of Tennessee filed this interlocutory appeal. Rule 9, Tenn. R. App. P. The single issue for review is whether the trial court erred by suppressing the results of the blood alcohol test.

We affirm the ruling of the trial court. This cause is remanded for further proceedings consistent with this opinion.

The defendant's preliminary hearing was initially scheduled for September 25, 1996. Although the defendant was in attendance, the state did not have the blood alcohol test results and the hearing was continued to November 10th. On that date, the blood alcohol test results were still unavailable. A second continuance was granted to the state and the preliminary hearing was rescheduled for December 18, 1996. On that date, when the state was still unable to produce the blood alcohol test results or its primary prosecution witness, the general sessions judge dismissed the charges against the defendant for failure to prosecute.

Almost three months later, the state presented the matter to the grand jury which returned a true bill of indictment, charging the defendant with driving under the influence. Within days, the defendant filed a motion for discovery requesting the results of the blood alcohol test. On the following day, February 27, 1997, the state presented the defendant with an official report showing that the Tennessee Bureau of Investigation had tested the blood sample shortly after the arrest and that the defendant's blood alcohol level registered 0.13%. Six days later, the defendant requested that the sample be preserved for independent testing.

Assistant District Attorney Derek Smith attested that he called the TBI laboratory on March 7, two days after the request by the defense, to have the sample preserved. At that time, he was informed that the sample had been destroyed within twenty-four hours of the time the state provided the defendant with a copy of the official report.

Defense attorneys Reid Street and Ed Silva attested that they had requested the results of the blood alcohol test from the district attorney's office on eight occasions since July 22, 1996, and were informed as late as February 24, 1997, that the results were not available. At the evidentiary hearing, each of the defense attorneys contended that they had no knowledge whether a test had ever been performed on the sample until they were notified in late February.

At the suppression hearing, the state maintained that defense counsel should have filed a motion requesting access to the sample for independent testing between the July 1996 arrest and the February 1997 indictment. The state also argued that defense counsel should have contacted the TBI directly and directed the agency to preserve the sample.

Dr. Dawn King, a toxicologist for TBI, tested the blood sample. She testified that the agency policy is to enter the results of the test into the computer upon its completion. She related that the computer generates a report and that an agency secretary then sends the report by regular mail to the district attorney. The report includes a notice that the sample will be destroyed sixty days after testing. Dr. King testified that she tested the sample in question on July 18, 1996, and placed the results in the computer on July 22, 1996.

The trial judge, noting that the state was caught in a "catch 22,"

concluded that if the state prevailed in its argument, the defendant would then have a Sixth Amendment ineffective assistance of counsel claim.  He also observed that the statute did not contemplate that eight months would pass before the state submitted the matter to the grand jury and that the blood might have been destroyed as early as September of 1996.  In granting the motion to suppress, the trial judge held that the negligence of the state had effectively deprived the defendant of his right to a preliminary hearing:

> [It is] neglect to have the person in charge of the prosecution go one, two, three times to the preliminary hearing, <u>a right the defendant has, without the evidence which th[is] judge infers got there and was there</u> and the first time [the state] knew [the report was there] is when the evidence was presented to the grand jury, by which time this evidence, in the ordinary course of events, ... would have been long gone.

(Emphasis added).

The findings of fact at a suppression hearing are conclusive on appeal unless the evidence preponderates otherwise.  <u>State v. Odom</u>, 928 S.W.2d 18 (Tenn. 1996); <u>State v. Tate</u>, 615 S.W.2d 161, 162 (Tenn. Crim. App. 1981); <u>Graves v. State</u>, 512 S.W.2d 603, 604 (Tenn. Crim. App. 1973); <u>see</u> Tenn. R. Crim. P. 12(e).  Yet this court must conduct a de novo review of the trial court's application of law to the facts.  <u>State v. Bridges</u>, 963 S.W.2d 487, 489 (Tenn. 1997); <u>State v. Yeargan</u>, 958 S.W.2d 626, 628 (Tenn. 1997).

The statute mandates disclosure of the blood alcohol test results "<u>upon request</u>."  Tenn. Code Ann. § 55-10-409 (emphasis added).  The person tested is also entitled to a sample of blood for independent testing.  Tenn. Code Ann. § 55-10-410(e).  The statute is silent as to how long blood samples must be held to accommodate the rights of the accused.

4

A preliminary hearing is a critical stage of criminal prosecution designed to determine whether there is probable cause to believe that the accused committed the alleged offense. Tenn. R. Crim. P. 5.1. A defendant arrested before an indictment is handed down has the right to a preliminary hearing. If the defendant is indicted while awaiting a preliminary hearing, he or she may move to have the indictment dismissed, so long as the motion is made within thirty days of arrest. Tenn. R. Crim. P. 5(e). After the thirty-day period, a defendant may move to dismiss the indictment only upon a showing of bad faith on the part of the state or court. Moore v. State, 578 S.W.2d 78 (Tenn. 1979).

In State v. Golden, this court held that the prosecution, acting in bad faith, had denied Golden the right to a preliminary hearing. 941 S.W.2d 905, 906 (Tenn. Crim. App. 1996). In that case, Golden was charged with possession of drug paraphernalia. Before his preliminary hearing, he moved to suppress evidence he claimed had been unlawfully obtained during the search of his vehicle. As he called the arresting officer to testify at the suppression hearing, the state represented that it would not oppose the motion to suppress. The general sessions court granted the motion and dismissed the case. Id. at 906. Within a month, the state, relying on the testimony of the arresting officer, obtained an indictment from the grand jury. The trial court dismissed the indictment, ruling that Golden had been denied his preliminary hearing due to the acts of the prosecutor. Id. This court affirmed, finding that the state had acted in bad faith:

> Bad faith may be defined as the state of mind involved when one is not being faithful to one's duty or obligation. The duty of a prosecutor is twofold. ... [H]e is the guardian of the state's interest. At the same time, the prosecutor is the protector of the rights of the accused. At all times, the prosecutor's goal remains, not that he shall win a case, but that justice shall be done.

Id. at 908 (internal citations omitted).

5

In our view, the office of the district attorney general failed to fulfill its obligations in this case. The trial judge, who found that the district attorney's office had or should have had possession of the test results but negligently failed to present them at three scheduled preliminary hearings, obviously suppressed the evidence. The state had the statutory obligation to provide the defendant with the results of the test and the opportunity for independent analysis. Through no fault of his own, the defendant was denied his right to a preliminary hearing. Suppression of the test results was the proper remedy in this instance. The state should not gain a tactical advantage by neglecting the duties of its office.

Accordingly, the judgment of the trial court is affirmed and this cause is remanded to the trial court for further proceedings consistent with this opinion.

_____
Gary R. Wade, Presiding Judge

CONCUR:

_____
David G. Hayes, Judge

_____
Jerry L. Smith, Judge