IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 22, 2000

## STATE OF TENNESSEE v. JEFFREY DWIGHT WHALEY

**Direct Appeal from the Criminal Court for Knox County**
**No. 62768    Richard R. Baumgartner, Judge**

_____

**No. E2000-00646-CCA-R3-CD**
**December 6, 2000**
_____

The trial court dismissed defendant's DUI presentment, finding a denial of the right to a preliminary hearing.  Upon the state's appeal, we find no evidence of bad faith by the state.  Accordingly, we reverse and remand to the trial court for further proceedings consistent with this opinion.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed; Case Remanded**


JOE G. RILEY, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; Randall Eugene Nichols, District Attorney General;  Marsha Selecman and Rachel Eaton, Assistant District Attorneys General, for the appellant, State of Tennessee.

Mark E. Stephens, District Public Defender; Jim D. Owen (at hearing) and Paula R. Voss (on appeal), Assistant District Public Defenders, Knoxville, Tennessee, for the appellee, Jeffrey Dwight Whaley.



**OPINION**


        Defendant was arrested on October 4, 1996, for driving under the influence (DUI).  After three continuances, the General Sessions Court granted defendant's motion to dismiss for failure to prosecute.  Defendant was charged with the same crime by grand jury presentment on April 28, 1997.  Defendant filed a motion to dismiss alleging that the presentment by the grand jury, subsequent to the continuances and dismissal of the prior warrant, was the result of "bad faith" by the state and violated his right to a preliminary hearing. *See* Tenn. R. Crim. P. 5(e).  The Criminal Court dismissed the presentment.  Our review of the record indicates no evidence of "bad faith" by the state.  Accordingly, we reverse and remand to the trial court for further proceedings.

**FACTS**

The material facts appear undisputed.

Defendant was arrested for DUI on October 4, 1996, and made an initial appearance in General Sessions Court on October 14, 1996. Defendant's case was set for preliminary hearing on November 22, 1996, but it was continued until December 20, 1996, due to defense counsel's medical problems. On December 20, 1996, the arresting officer appeared but the state moved for a continuance so it could further investigate defendant's driving record, and the case was reset for January 21, 1997. On January 21, 1997, the arresting officer failed to appear for an unspecified reason, and the state moved for a continuance. The General Sessions Court reset the case for February 20, 1997. On February 20, 1997, the arresting officer was not present when the case was called and, upon defense motion, the General Sessions Court dismissed the case for failure to prosecute. At the hearing in the Criminal Court, the arresting officer introduced the letter from the district attorney's office commanding him to appear in court at "1:30 p.m." instead of the proper time of "9:00 a.m." on February 20, 1997.

On April 28, 1997, the Knox County Grand Jury returned a presentment against defendant for the offense. Defendant filed a motion to dismiss alleging that the state, by seeking grand jury presentment, violated his right to a preliminary hearing. The Criminal Court dismissed the presentment, and the state filed timely notice of appeal.

**ANALYSIS**

**A. The Right to a Preliminary Hearing**

Tennessee law is clear that, while a preliminary hearing is not constitutionally required, it is a critical stage of a criminal prosecution mandated by law. Moore v. State, 578 S.W.2d 78, 80 (Tenn. 1979). The primary function of a preliminary hearing is to determine whether probable cause exists to believe that the accused committed the offense charged, and to fix the amount of bail for bailable offenses. Tenn. R. Crim. P. 5.1; State v. D'Anna, 506 S.W.2d 200, 203 (Tenn. Crim. App. 1973).

Rule 5(e) of the Tennessee Rules of Criminal Procedure provides as follows:

> Any defendant arrested prior to indictment or presentment for any offense . . . shall be entitled to a preliminary hearing upon his request therefor, whether the grand jury of the county be in session or not. If the defendant is indicted during the period of time in which his preliminary hearing is being continued, or at any time before the accused has been afforded a preliminary hearing on a warrant, whether at his own request or that of the prosecutor, the defendant may dismiss the indictment upon motion to the court. Provided, however, that no such Motion to Dismiss shall be granted after the expiration of thirty days from the date of defendant's arrest.

## B. The Thirty-Day Limitation

The Tennessee Supreme Court in <u>Moore</u>, 578 S.W.2d at 82, created an exception to the thirty-day rule, holding that:

> [T]he thirty-day limitation . . . is applicable only when all parties--including the defendant, who must act promptly--have acted in good faith and in compliance with the statute. The failure of the court or the prosecution to exercise good faith and to abide the law operates to toll the statute and preclude its invocation.

Generally, the state may seek an indictment by the grand jury subsequent to a dismissal of a warrant and prior to a preliminary hearing, and the indictment starts a new proceeding. <u>Waugh v. State</u>, 564 S.W.2d 654, 660 (Tenn. 1978). However, the state is precluded from pursuing a grand jury indictment when it, "acting in bad faith, effectively denies the accused a preliminary hearing." <u>State v. Golden</u>, 941 S.W.2d 905, 908 (Tenn. Crim. App. 1996).

## C. Presentment v. Indictment

In the aforementioned cases, the defendants were prosecuted by indictment as opposed to presentment. The grand jury has the power to act independently of the court and the district attorney general by instituting a criminal action by presentment. <u>State v. Superior Oil, Inc.</u>, 875 S.W.2d 658, 661 (Tenn. 1994). In practice, the district attorney general is informed of the offense, prepares the appropriate charge, and delivers it to the grand jury where it is signed by all members of the grand jury. <u>State v. Hudson</u>, 487 S.W.2d 672, 675 (Tenn. Crim. App. 1972) (*citing* <u>State v. Darnal</u>, 20 Tenn. 290 (1839)). A bill of indictment, on the other hand, is sanctioned by the district attorney general and signed only by the foreperson and not the other members of the grand jury. <u>State v. Davidson</u>, 103 S.W.2d 22, 23-24 (Tenn. 1937).

The state does not argue that a different standard should apply to a presentment than to an indictment. Nor is there any evidence as to the role played by the district attorney general with regard to this presentment, although the presentment does bear the signature of the district attorney general as well as all grand jurors. We will apply the "bad faith" analysis to this presentment.[1]

## D. Bad Faith

---

[1]We note that the first part of Tenn. R. Crim. P. 5(e) requires a preliminary hearing for a defendant arrested "prior to indictment *or presentment*." (Emphasis added). The second part authorizes dismissal of "the indictment" when a defendant has been denied the right to a preliminary hearing. Dismissal of a "presentment" is not mentioned in the second part. Both parties assume that a presentment is to be treated the same as an indictment under Tenn. R. Crim. P. 5(e). It is arguable that the "independent inquisitorial power of the grand jury," as "derived directly from Article I, Section 14, of the Tennessee Constitution," requires that presentments be treated differently. *See* <u>State v. Superior Oil, Inc.</u>, 875 S.W.2d 658, 661 (Tenn. 1994). For the purposes of this appeal, however, we do not address whether a presentment should be treated differently than an indictment.

The state asserts that the trial judge did not find bad faith, so defendant was not entitled to dismissal of the presentment. The record reflects that the trial court found no indication that the district attorney's office or the prosecuting officer intended to deprive the defendant of a preliminary hearing. The trial court further found, "malfeasance . . . or nonfeasance . . . lays with the district attorney's office in denying (defendant) an opportunity for a preliminary hearing. I don't think that it rises to the level of bad faith, but it has the same effect of doing that."

The defendant argues that because the continuances, except the first which was due to defense counsel's medical problems, were at the request of the prosecution, the state was guilty of "bad faith." Defendant relies primarily on Moore and Golden. These cases, however, are distinguishable.

In Moore, the officer who executed the search warrant was not present to testify at the preliminary hearing, so the hearing was continued. Moore, 578 S.W.2d at 79. While the "promised" preliminary hearing was pending, the defendant was indicted by the grand jury. *Id.* at 82. The present case differs substantially from Moore because no preliminary hearing was pending when the presentment was returned. The General Sessions proceeding had been dismissed.

In Golden, this court applied the bad faith exception of the thirty-day rule to a grand jury indictment following *dismissal* of the charges. Golden, 941 S.W.2d at 908. In Golden, the defendant demanded his right to a preliminary hearing. During the preliminary hearing, the defendant sought to suppress evidence alleging it resulted from an illegal search and seizure. The state, as apparently was its custom in such cases, did not oppose the motion to suppress and allowed the warrant to be dismissed for lack of probable cause. Three weeks later, the state secured an indictment.

Golden is inapposite to defendant's case. In Golden, the state had engaged in a pattern of conceding to defense evidentiary suppression motions at preliminary hearings and allowing dismissal of the cases, only to subsequently seek grand jury indictments. *Id.* at 907-08. The state would then seek "to use the same evidence whose suppression it did not oppose at the preliminary hearing." *Id.* at 908. In the present case, there is no evidence that the district attorney general, either systematically or in this particular instance, encouraged the key state witness to fail to appear or sought needless continuances. To the contrary, the state's witness failed to appear at the final scheduled hearing due to an error in his notice. Furthermore, there is no showing that the state acquiesced in the dismissal by the General Sessions Court for failure to prosecute.

In summary, the facts do not support a finding of bad faith by the state. The first preliminary hearing was set more than thirty days after the arrest and was continued at defendant's request. The

absence of the prosecutor's witness at the final hearing was the result of a miscommunication between the district attorney's office and the witness. The General Sessions Court dismissed the

matter, as was its prerogative, when the witness was not present. The state did not acquiesce in the dismissal in order to secure an indictment or presentment.

The trial court found the state's conduct did not "rise to the level of bad faith" but had the same effect. Under current law, it is not enough that defendant did not have a preliminary hearing through no fault of his own. Our law requires bad faith before the indictment or presentment may be dismissed after thirty days from defendant's arrest. We agree there was no showing of bad faith; therefore, the presentment was proper.

## CONCLUSION

The judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with this opinion.

_____
JOE G. RILEY, JUDGE