# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## MARCH 1999 SESSION

FILED

June 4, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. 03C01-9804-CC-00158 |
| | ) | ANDERSON COUNTY |
| | ) | |
| Appellant, | ) | Hon. James B. Scott, Jr., Judge |
| | ) | |
| vs. | ) | (STATE APPEAL - REMAND |
| | ) | TO GENERAL SESSIONS) |
| | ) | NO. 98CR0038 |
| | ) | |
| ANNE K. HOSFORD, | ) | |
| | ) | |
| Appellee. | ) | |

FOR THE APPELLANT:

JOHN KNOX WALKUP
Attorney General & Reporter

ELLEN POLLACK
Assistant Attorney General
425 Fifth Avenue North
2nd Floor, Cordell Hull Bldg.
Nashville, TN 37243

JAMES N. RAMSEY
District Attorney General
127 Anderson County Courthouse
Clinton, TN 37716

JAN HICKS
Assistant District Attorney
127 Anderson County Courthouse
Clinton, TN 37716

FOR THE APPELLEE:

MICHAEL W. RITTER
131 E. Tyrone Road
Oak Ridge, TN 37830

OPINION FILED:_____

MODIFIED AND DISMISSED

CORNELIA A. CLARK
Special Judge

## OPINION

The State of Tennessee appeals as of right from the trial court's remand to the general sessions court of a one-count indictment charging the appellee, Anne K. Hosford, with the misdemeanor offense of driving under the influence of an intoxicant. We modify the judgment of the trial court and dismiss the indictment.

## BACKGROUND

This case presents a procedural nightmare. The paucity of the record further complicates the court's attempt to make a complete determination of the issues.[1] An arrest warrant was issued for the appellee on September 30, 1997. The warrant reflects that an automobile accident occurred in Oak Ridge, Anderson County, Tennessee on September 24, 1997. One vehicle left the scene just prior to the arrival of police officers. Subsequent investigation resulted in the location shortly thereafter of the vehicle and the appellee, who admitted being the driver. At that time the investigating police officer observed the appellee to have a strong odor of alcoholic beverage on her breath and about her person. He stated that her eyes were red and glassy and that she was unsteady on her feet. She then failed field sobriety tests and refused a blood alcohol test. She was arrested for driving under the influence of an intoxicant.

On one or more dates after appellee's arrest, a preliminary hearing was scheduled in general sessions court. The hearing was then rescheduled to December 10, 1997. Defendant filed a motion to suppress and appeared in court on December 10 for the hearing on both matters. The arresting officer did not appear and the case was rescheduled to January 14, 1998. On that date defendant appeared again, along with a witness. Some testimony was received by the general sessions court judge, but he apparently ran out of time on his calendar. He continued the hearing again to February 11, 1998, the prosecuting officer's next available court date.

---

[1] The Record does not contain a transcript or other evidence of any of the proceedings conducted in the general sessions court. A portion of the January transcript was mentioned but was not offered into evidence during the March 20, 1998 hearing conducted in the trial court. At that hearing an assistant district attorney testified under oath about his recollection of the hearings below. On May 1, 1998, during the pendency of this appeal, appellee filed a Motion to Supplement the Record, to include a transcript of the proceedings in general sessions court on January 14, 1998. The state opposed this motion. No action by the trial judge is reflected. The record was certified to this court without the transcript requested.

On February 3, 1998, the District Attorney presented the case to the Anderson County Grand Jury, which returned an indictment against appellee for driving under the influence of an intoxicant. The state did not inform the appellee or defense counsel about the indictment until they next appeared in general sessions court on February 11, 1998. On March 5,1998, appellee filed in the Anderson County Criminal Court a motion to remand for preliminary hearing or in the alternative to dismiss.

On March 20, 1998, the trial court conducted a hearing on that motion. The court stated that it was "hard for him to find that the prosecutor was acting in bad faith," but he remanded the case to the general sessions court for any further suppression hearing left undecided, and any other necessary proceedings.

### ANALYSIS

The state contends that because the appellee had already been indicted for driving under the influence, and the trial court denied her motion to dismiss the indictment, the trial court erred in remanding the case back to general sessions court. The state relies on State v. Hudson, 487 S.W. 2d 672, 676 (Tenn. Crim. App. 1972), in asserting that, after indictment, a general sessions judge has no authority or power to proceed with a preliminary hearing and to re-determine the same question of probable cause. The state also asserts that the trial court did not specifically find that the prosecutor had acted in bad faith, so that appellant was not entitled to a dismissal of the indictment more than thirty days after her arrest. The appellee asserts that the trial court's ruling represents an implicit finding of bad faith on behalf of the state.

Tennessee law is clear that, while a preliminary hearing is not constitutionally required, it is a critical stage of a criminal prosecution mandated by statutory law. Moore v. State, 578 S.W. 2d 78, 80 (Tenn. 1979); Waugh v. State, 564 S.W. 2d 654, 659 (Tenn. 1978). The primary function of a preliminary hearing is to determine whether probable cause exists to believe that the accused committed the offense charged, and to fix the amount of bail for bailable offenses. Tenn. R. Crim. P. 5.1; State v. D'Anna, 506 S.W. 2d 200, 203 (Tenn. Crim. App. 1973). It is also fundamental that motions to suppress illegally seized evidence are appropriate at the preliminary hearing. State v. Golden, 941 S.W. 2d 905, 907 (Tenn. Crim. App. 1996).

4

Rule 5(e) of the Tennessee Rules of Criminal Procedure provides as follows:

> Any defendant arrested prior to indictment or presentment for any offense . . . shall be entitled to a preliminary hearing upon his request therefor, whether the grand jury of the county be in session or not. If the defendant is indicted during the period of time in which his preliminary hearing is being continued, or at any time before the accused has been afforded a preliminary hearing on a warrant, whether at his own request or that of the prosecutor, he may dismiss the indictment upon motion to the court. Provided, however, that no such Motion to Dismiss shall be granted after the expiration of thirty days from the date of defendant's arrest.

The Tennessee Supreme Court in Moore v. State, 578 S.W. 2d 78, 82 (Tenn. 1979), created an exception to the thirty day rule, holding that:

> [T]he thirty-day limitation . . . is applicable only when all parties - including the defendant, who must act promptly-have acted in good faith and in compliance with the statute. The failure of the court or the prosecution to exercise good faith and to abide the law operates to toll the statute and preclude its invocation.

Thus, the question central to our review is whether the state or the general sessions court acted in "bad faith" to deprive the appellee of her right to a preliminary hearing.

Although the record is sketchy, it is clear that all of the continuances sought in the general sessions court were at the request of the prosecution (apparently to avoid dismissal when the prosecuting officer did not appear) or the court itself (to accommodate the court's schedule). In this case the defendant flew from out of state and appeared in court on two or more occasions ready and able to proceed with the preliminary hearing she had requested. The state's prosecuting witness failed to appear on two occasions. On January 14, 1998, the general sessions judge actually began the hearing, but recessed before completion because of a prior personal commitment. The state apparently made no objection when the judge announced he had to leave early, and agreed to the proposed new date. To allow the state to benefit from the thirty-day provision of Rule 5(e) because its prosecuting witness failed to appear, or because the judge recessed the hearing before its completion, does not "abide the law" nor serve the ends of justice. Accordingly, although the actions may not have originated from malicious intent, they are deemed to be in "bad faith" sufficient to preclude the invocation of the thirty-day rule. Golden, 941 S.W. 2d at 908.

5

For the reasons stated above, we modify the judgment of the trial court, and dismiss the indictment.[2]

_____
CORNELIA A. CLARK
SPECIAL JUDGE

_____
GARY R. WADE
JUDGE

_____
NORMA M. OGLE
JUDGE

_

---

[2] We note that a decision of the general sessions court to suppress the evidence in questions does not prohibit the state from presenting that evidence to the grand jury and does not bind the trial court as to its later admissibility at trial. See State v. Dixon, 880 S.W. 2d 696, 697 (Tenn. Crim. App. 1992). However, the appellee has the right to insist that correct procedures are followed before she may be brought into criminal court on these charges.

Because we dismiss the indictment, it is not necessary to consider the state's request to treat this as a Rule 10 appeal.

# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## MARCH 1999 SESSION

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. 03C01-9804-CC-00158 |
| | ) | ANDERSON COUNTY |
| | ) | |
| Appellant, | ) | Hon. James B. Scott, Jr., Judge |
| | ) | |
| vs. | ) | (STATE APPEAL - REMAND |
| | ) | OF INDICTMENT) |
| | ) | NO. 98CR0038 |
| | ) | |
| ANNE K. HOSFORD, | ) | |
| | ) | |
| Appellee. | ) | |

## JUDGMENT

Came the appellant, the State of Tennessee, represented by the Attorney General's office and also came the attorney of record for appellee, Anne K. Hosford, and this case was heard on the record on appeal from the Circuit Court of Anderson County; and upon consideration thereof, this court is of the opinion that there is reversible error in the judgment of the trial court.

Our opinion is hereby incorporated in this judgment as if set out verbatim.

It is, therefore, ordered and adjudged by this court that the judgment of the trial court is modified, and the indictment is dismissed.

Costs of this appeal will be paid by the State of Tennessee.

### PER CURIAM

Gary R. Wade, Judge
Norma M. Ogle, Judge
Cornelia A. Clark, Special Judge