GENE DOUGLAS PARTON, Alias GENE DOUGLAS PARTAIN, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

### 455 S.W.2d 645.

Court of Criminal Appeals of Tennessee. March 25, 1970.

Certiorari Denied by Supreme Court May 18, 1970.

Leroy Phillips, Jr., Chattanooga, for plaintiff in error.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, John R. Seymour, Dist. Atty. Gen., Paul W. Herrell, Asst. Dist. Atty. Gen., Chattanooga, for defendant in error.

## OPINION

WALKER, Presiding Judge.

From his conviction of burglary of a dwelling house by night and sentence to not less than five nor more than ten years and a day in the penitentiary, the defendant appeals to this court.

On January 17, 1968, the Hamilton County grand jury presented an indictment in two counts charging him with burglary and receiving and concealing stolen property. His plea in abatement was filed by appointed counsel almost a year later, January 14, 1969, and an amendment was filed January 22, 1969. Following the hearing of evidence on the plea, the trial judge overruled it on January 30, 1969.

The trial judge's order says that the defendant was first represented by retained counsel who enterd a plea of not

guilty. This does not appear in the technical record or the proof in the case. The record does show that the defendant was indigent and counsel appointed for him on July 29, 1969.

In his order overruling the plea in abatement, the trial judge held that it came too late. See Gray v. State, 194 Tenn. 234, 250 S.W.2d 86. Nevertheless, he considered all of the defendant's contentions and found them without merit. Under the circumstances of this case, we think we should likewise consider the merits of the plea even though such pleas are not favored and no explanation is made for the delay.

By his plea in abatement, the defendant contends (1) that he waived his immunity for a limited purpose by appearing before the preceding grand jury but was subjected to questions outside that purpose and (2) that his constitutional and statutory rights were violated by the grand jury that indicted him.

On the day of the offense, the defendant borrowed a station wagon from a Chattanooga city detective. When the fruits of the crime were found in that station wagon, the grand jury was interested in any connection the detective might have had with the case. The court appointed an attorney to advise the defendant on waiving immunity and after full consideration the defendant signed a waiver of immunity and appeared before the November 1968 grand jury. His attorney had tried to get the state to agree to recommend immunity from prosecution but the state was unwilling to do so. The defendant is a college graduate and fully understood the effect of the waiver and that he would be asked about this and

two other cases, and that he was waiving his immunity. His attorney was not present when he signed the waiver. The defendant says he should have been there at the time and should have appeared with him before the grand jury to object to questions about any other cases.

The defendant and his attorney expected him to be questioned about this case and his attorney had advised him as to his rights. They had agreed that he would testify about this case.

His testimony before the November 1968 grand jury was exculpatory, both as to himself and Lewis, the detective. That grand jury adjourned and was discharged without returning an indictment against either of them. The court then ordered him released on his own recognizance.

In January 1969 a new grand jury was selected, of which only the regular foreman was a member of the preceding one. The district attorney general preferred the same indictment to that grand jury. On it was endorsed the names of nine witnesses who apparently testified before the grand jury that ignored the indictment at the November term. The foreman did not properly endorse those names. None of these witnesses were recalled or appeared at the January grand jury.

The only witness to appear before this grand jury was an assistant district attorney general who had not been present at the November term. After being sworn, he read from notes which he calls minutes of the grand jury and which purport to be a summary of the testimony heard by the grand jury that did not indict. He does not think he read a summary of the defendant's testimony

before the November grand jury. Disregarding the directions of T.C.A. § 40-1708, the foreman did not endorse on the indictment the name of this assistant district attorney general, the only witness the grand jury heard.

On the basis of the notes read to them, the grand jury returned a true bill. The question is whether or not such an indictment is valid.

We do not think the defendant's rights were infringed by his waiver of immunity or by his testimony before the November grand jury.

■ There is no authority in this state for a grand jury to keep minutes of the testimony of witnesses before them. The proceedings are secret. T.C.A. § 40-1611. The grand jury may require the attendance of a prosecuting attorney for the purpose of giving legal advice. T.C.A. § 40-1610. This does not give the district attorney general access to so-called minutes of testimony and warrant his assistant in testifying as a witness to matters of which he has no knowledge. The grand jury is not an agency of the district attorney general or of the court but is an agency of the government. Stanley v. State, 171 Tenn. 406, 104 S.W.2d 819.

One grand jury had heard witnesses and had not indicted the defendant. There is some testimony that the state decided to wait for some foreign judgments that had not arrived. Before a new grand jury, an assistant district attorney general summarized previous testimony from notes to which he should not have had access. All of his testimony was hearsay. Better evidence was readily available.

■ We think that the procedure in presenting this indictment was improper and dangerous and that it should not be encouraged. In the light of the precedents, however, we find no basis for disturbing the court's refusal to dismiss the indictment. None of the defendant's constitutional or statutory rights were violated.

■ ■ Although we think that the grand jury should require the production of the most satisfactory and convincing evidence which the case permits, we hold that an indictment may not be abated because it is founded on hearsay evidence. The legality and sufficiency of evidence heard by the grand jury is not subject to review by this court.

A wide range must necessarily be given to investigations by a grand jury and it is not limited to the consideration of that which would be admissible on the trial of the cause. We do not encourage prosecutors and grand juries, however, to rely on hearsay testimony when direct testimony is available or when it is not demonstrably inconvenient to summon witnesses able to testify to facts from personal knowledge. The grand jury may, in respect to all offenses, send for witnesses and make investigation when they, or any one of them, suspect a law violation. Excessive use of hearsay in the presentation of cases to grand juries tends to destroy the historical function of grand juries in the protection of the innocent from unwarranted prosecution.

Our Supreme Court considered the question of an indictment based on hearsay in Burton v. State, 214 Tenn. 9, 377 S.W.2d 900. Quoting from Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397, it said:

" 'If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. * * An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. * *

" '* * * In a trial on the merits, defendants are entitled to a strict observance of all the rules designed to bring about a fair verdict. Defendants are not entitled, however, to a rule which would result in interminable delay but add nothing to the assurance of a fair trial.' "

In Jack v. United States, 409 F.2d 522 (9th Circuit, 1969), the court upheld an indictment on hearsay evidence of the agent summarizing the accomplices' confessions which implicated the defendant.

 We follow the ancient rule that the court will not review the judgment of the grand jury for the purpose of determining whether or not the finding was on sufficient evidence. The grand jury should not indict unless they are convinced that the accused is guilty and that the evidence before them is sufficient, if unexplained and uncontradicted, to convict him.

We hold that the trial judge properly overruled the plea in abatement.

The state's proof showed that on September 13, 1967, the defendant borrowed a station wagon from one Frank Lewis, a city detective, to move some of his belongings. Shortly before 8:00 P.M., he went to the trailer home of Cecil Bryden, the manager of a trailer court for Sam Godsey, who lived in a nearby home. After the defendant bought and drank some whiskey with Bryden, he learned from Mrs. Bryden that the Godsey family were away from home the rest of the week. He was familiar with the Godsey home.

Just before dark the defendant left in the station wagon. The Godsey home was burglarized and a number of things taken from it. At about 11:50 P.M., the station wagon was found abandoned, with the motor running and with many of the articles taken from the Godsey house in it.

At 5:00 A.M. the following morning, the defendant called Lewis from a place called Loret Villa, about a mile from the abandoned car. He reported that he had been thrown out of the station wagon and had walked there. Lewis came for him and they found the station wagon at a garage where it had been towed. Lewis secured its release from the police and let the defendant have it again.

When officers learned of the robbery, they arrested the defendant. He told them that he had thrown the articles out of the station wagon after getting it again from Lewis. That night he undertook to show them where he had thrown the articles but was unable to locate the place. The following morning he was successful in finding it and some of the goods was returned. He also

told them where he had sold a television set and a fan. The television set was recovered from the purchaser and restored to the owner.

The defendant did not testify or offer any proof.

■ He contends violation of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694. The proof showed that he was fully warned of all of his constitutional rights and that he fully understood them. He contends that he was intoxicated at the time of his admissions. Although he had been drinking, the proof shows that he was not intoxicated and that he knowingly and intelligently waived his rights after being fully warned.

The defendant moved for an order requiring the state to furnish any exculpatory evidence, particularly any statement of one Robert Lee Russell. The trial court overruled his motion. There is no proof that any such statement was in existence or that the state suppressed any evidence favorable to the defendant.

■ In his assignments on the weight of the evidence, the defendant says there is no proof that the burglary was committed at night. It was getting dark when he left Bryden's house and the burglary occurred between then and midnight, when the station wagon was found. From this proof the jury was warranted in finding that it occurred at night. The proof abundantly sustains the conviction. See Schweizer v. State, 217 Tenn. 569, 399 S.W.2d 743.

■ The defendant complains that the bill of exceptions does not contain the instructions of the court or the arguments of counsel. The motion for a new trial did

not raise any question about the argument or instructions. There is no claim that any special requests were made or that there was any error in the instructions or that any objection was made to argument. The same appointed counsel filed the motion for a new trial. If any error is made in argument or the instructions, it must be specifically stated in the motion for a new trial or it will be treated as waived. Rule 14(5), Rules of the Supreme Court and of this court. Under Rule 2 of these courts, all that is immaterial, no longer controverted or that does not bear upon any ground assigned in the trial court for a new trial shall be omitted from the bill of exceptions.

After the motion for a new trial was overruled and the defendant's appointed trial counsel prayed and was granted an appeal to this court, his counsel moved for leave to withdraw as attorney of record. The court granted the motion on March 24, 1969.

The defendant, through counsel appointed for this appeal, assigns as error the failure of the trial judge to comply with T.C.A. § 40-2020 providing that if the court permits an attorney to withdraw it shall immediately appoint another attorney in his place.

This statute intends to prevent a gap in the representation of a defendant. To make the right to counsel meaningful, representation must be continuous. T.C.A. § 40-2018 provides that appointed counsel shall represent the defendant at all stages in the trial court and also on appeal from that court. Once appointed, counsel should not request leave to withdraw unless compelled to do so and can show good cause. See Amer-

ican Bar Association Minimum Standards Relating to Defense Services, Sec. 5.3. The advantage of familiarity with the case will generally outweigh any possible advantages to be gained in the fresh viewpoint of successor counsel. Our statute provides for continuity of representation and emphasizes that appointments continue through the appellate courts.

 If the trial court finds good cause has been shown and grants leave to withdraw, he should appoint successor counsel immediately. The trial judge should avoid a gap in representation.

 Although the trial court did not comply with the requirements of T.C.A. § 40-2020, we find the error harmless in this case. The defendant has had excellent representation both on the trial level and on his appeal.

We have considered all assignments and find them without error. The judgment of the lower court is affirmed.

We express our appreciation to both appointed counsel for their capable representation of this defendant.

DWYER and HYDER, JJ., concur.