IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## STATE OF TENNESSEE v. ANDREW B. EDWARDS

**Direct Appeal from the Criminal Court for Shelby County**
**No. 97-12105     W. Fred Axley, Judge**

---

**No. W1999-01095-CCA-R3-CD - Decided May 26, 2000**

---

On May 26, 1998, the appellant, Andrew B. Edwards, pled guilty in the Shelby County Criminal Court to the misdemeanor offense of assault. The trial court imposed a sentence of eleven months and twenty-nine days in the Shelby County Workhouse and suspended all but thirty days of the sentence, granting the appellant a term of probation. On November 16, 1998, the State filed a petition to revoke the appellant's probationary sentence. Following a hearing, the trial court granted the State's petition. The appellant now appeals the order of the trial court revoking his probation. Following a review of the record and the parties' briefs, we affirm the trial court's judgment.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is affirmed.**

OGLE, J., delivered the opinion of the court, in which WADE, P.J., and WILLIAMS, J., joined.

Charles A. Sevier, Memphis, Tennessee, for the appellant, Andrew B. Edwards.

Paul G. Summers, Attorney General and Reporter, J. Ross Dyer, Assistant Attorney General, Julie Mosley, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

On November 16, 1998, the State filed a petition to revoke the appellant's probationary sentence on the ground that the appellant had violated "the laws of the United States or any State . . . ," thereby violating a condition of his probation. Specifically, the State noted that the appellant had been arrested on October 5, 1998, for aggravated assault. Pursuant to the State's petition, the trial court conducted a probation revocation hearing on May 25 and 28, 1999. At the hearing, the State presented the testimony of Tiffany Walker, the appellant's probation counselor. She confirmed that, during the appellant's probationary period, he had been arrested for aggravated assault. The State also presented the testimony of Sandra McClain, an employee of the Shelby County Criminal Court responsible for maintaining the court's records. Ms. McClain confirmed that, on April 1, 1999, a Shelby County Grand Jury had indicted the appellant for committing the offense of aggravated assault on August 30, 1998.

Following the State's presentation of proof, the appellant presented the testimony of several witnesses to the August 30, 1998 altercation. First, Joey Gaia testified that, on August 30, 1998, he was attending a party when he and another guest, Eric Hall, began to fight. After the two combatants inflicted several minor injuries upon one another, they decided to end the fight, and Mr. Gaia and several friends decided to leave the party. At this point, the appellant emerged from "a crowd of people" wielding a knife and began to walk toward one of Mr. Gaia's friends. Mr. Gaia recounted:

> I looked at [the appellant] and said, Hey, man, chill out, we're leaving right now. And then next thing I know, he comes up, approaches me, and next thing I know, I'm cut.

Eric Hall also testified on behalf of the appellant at the probation revocation hearing and confirmed that he attended the August 30, 1998 party. According to Mr. Hall, Mr. Gaia provoked a fist fight with him, after which fight Mr. Hall immediately left the party. As he left, he heard someone asking everyone to leave. Michael Boyd, another guest at the party, testified that, following the fight between Mr. Hall and Mr. Gaia, the appellant asked the combatants to leave. According to Mr. Boyd, Mr. Gaia refused to leave, and he and several friends began to advance toward the appellant wielding broken beer bottles. The appellant then drew a knife and again asked Mr. Gaia and his companions to leave. Mr. Gaia attempted to grab the appellant's knife and was cut by the knife during the struggle. Blake Atkins, yet another guest, also testified that Mr. Gaia was the aggressor during the confrontation between Mr. Gaia and the appellant. Finally, the appellant testified and confirmed Mr. Boyd's and Mr. Atkins' account of events on the evening of the party.

Following the parties' presentation of proof, the trial court concluded that it was bound by the grand jury's finding of probable cause that the appellant committed the August 30, 1998 aggravated assault and, accordingly, revoked the appellant's probation. In reaching this conclusion, the trial court relied upon, among other cases, Parton v. State, 455 S.W.2d 645 (1970). Finally, the trial court opined, "Frankly, from what I heard factually, . . . the grand jury did not improperly indict him for what he's charged with . . . ."

## II. Analysis

The appellant contends that the trial court erred in concluding that it was bound by the grand jury's finding of probable cause that the appellant committed the August 30, 1998 aggravated assault. We agree. The cases cited by the trial court in support of its conclusion, in particular Parton, 455 S.W.2d at 648, stand only for the proposition that a court may not dismiss an indictment on the ground that there was inadequate or incompetent evidence before the grand jury to support the indictment. See also State v. Gonzales, 638 S.W.2d 841, 845 (Tenn. Crim. App. 1982). Rather, if the indictment is valid on its face, a trial court must proceed to a trial of the charge on the merits. Id. These cases do not address the use of an indictment to establish the merits of the charge contained therein, whether in probation revocation proceedings or any other proceedings.

In the context of probation revocation proceedings, a trial court may revoke a defendant's probation whenever it finds that the probationer has violated the conditions of probation.

See Tenn. Code Ann. § 40-35-310 (1997). Prior to revocation, however, a trial court must "inquire into the charges . . . and at such inquiry, the defendant must be present and is entitled to be represented by counsel and has the right to introduce testimony in the defendant's behalf." Tenn. Code Ann. § 40-35-311(b) (1997). Indeed, because a defendant's conditional freedom from incarceration is at risk in a probation revocation proceeding, the defendant is entitled by the state and federal constitutions to some quantum of due process. State v. Wade, 863 S.W.2d 406, 408 (Tenn. 1993). See also State v. Ozier, No. W1999-01478-CCA-R3-CD, 2000 WL 351375, at *2 (Tenn. Crim. App. at Jackson, April 4, 2000). Specifically, a defendant is entitled to the following procedures:

> (1) written notice of the claimed violation of probation;
> (2) disclosure to the probationer of the evidence against him;
> (3) an opportunity to be heard in person, to present witnesses, and to introduce documentary evidence;
> (4) the right to confront and cross-examine adverse witnesses (absent good cause for not allowing confrontation and the reliability of the proffered evidence);
> (5) a "neutral and detached" tribunal; and
> (6) a written statement by the finder of fact as to the evidence relied on and the reasons for revocation.

Wade, 863 S.W.2d at 408 (citing Gagnon v. Scarpelli, 411 U.S. 778, 786, 93 S.Ct. 1756, 1761-1762 (1973)). Moreover, while the trial judge need not find beyond a reasonable doubt that a violation of the conditions of probation has occurred, the existence of a violation must be supported by a preponderance of the evidence. Tenn. Code Ann. § 40-35-311(d). In other words, the record on appeal must demonstrate that the trial judge has not acted arbitrarily and has exercised conscientious judgment. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

That having been said, pending charges can be the basis for a revocation of probation. State v. Proffitt, No. 03C01-9901-CR-00026, 1999 WL 817663, at *2 (Tenn. Crim. App. at Knoxville, October 11, 1999). However, a trial court may not rely upon the mere fact of an arrest or an indictment to revoke a defendant's probation. Harkins, 811 S.W.2d at 83; State v. Crites, No. 01C01-9711-CR-00512, 1999 WL 61053, at *3 (Tenn. Crim. App. at Nashville, February 9, 1999); State v. Ellison, No. 01C01-9708-CR-00361, 1998 WL 272955, at *2 (Tenn. Crim. App. at Nashville, May 29, 1998); State v. McDonald, No. 01C01-9102-CC-00032, 1992 WL 92949, at *3 (Tenn. Crim. App. at Nashville, May 7, 1992). First, sole reliance by the State and the trial court upon a grand jury indictment in order to establish the defendant's commission of a crime during the probationary period denies a defendant the minimum requirements of due process in probation revocation proceedings. Second, "[a]n indictment is based upon probable cause . . . whereas the standard for revocation is preponderance of the evidence." Crites, No. 01C01-9711-CR-00512, 1999 WL 61053, at *3. Third, testimony concerning a defendant's indictment for an offense does not afford a trial court sufficient information upon which it may make a conscientious and intelligent judgment. McDonald, No. 01C01-9102-CC-00032, 1992 WL 92949, at *3. Thus, the State "must produce evidence in the usual form of testimony" in order to establish the probationer's commission of another offense. Ellison, No. 01C01-9708-CR-00361, 1998 WL 272955, at *2.

Our conclusion that the trial court erred in relying upon the petitioner's indictment for aggravated assault in revoking the appellant's probation does not, however, entitle the appellant to relief. We note that, at the probation revocation hearing, the appellant himself produced "evidence in the usual form of testimony" instead of standing upon any objection to the State's and the trial court's reliance upon his indictment for aggravated assault. Accordingly, as noted earlier, the trial court was also able to observe that the evidence adduced by the appellant supported the grand jury's action. In other words, the trial court found probable cause to believe that the appellant had committed the offense of aggravated assault, thereby accrediting the testimony of Mr. Gaia. Deferring to the trial court's assessment of Mr. Gaia's testimony, State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991), we conclude that the evidence also preponderates in favor of the appellant's guilt of aggravated assault during his probationary period and that any error by the trial court was harmless. See, e.g., State v. Conner, No. 02C01-9807-CR-00201, 1999 WL 1095649, at *2 (Tenn. Crim. App. at Jackson, October 31, 1999).

### III. Conclusion

For the foregoing reasons, we affirm the judgment of the trial court.