IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 15, 2021

**TIMOTHY A. BAXTER v. GRADY PERRY**

**Appeal from the Circuit Court for Wayne County**
**No. 16811     Christopher V. Sockwell, Chancellor**

———————————————————

**No. M2020-01654-CCA-R3-HC**

———————————————————

The Petitioner, Timothy A. Baxter, appeals the summary dismissal of his petition for writ of habeas corpus.  Discerning no error, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and D. KELLY THOMAS, JR., J., joined.

Timothy A. Baxter, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Davide H. Findley, Senior Assistant Attorney General; Brent A. Cooper, District Attorney General; and David H. Findley, Senior Assistant District Attorney General, for the Appellee, State of Tennessee.


**OPINION**

The Petitioner was convicted by a jury of aggravated assault following a "road rage" incident which resulted in the Petitioner following the elderly victim to a gas station and "shov[ing]" the victim to ground.  See State v. Timothy A. Baxter, No. W2012-00361-CCA-R3-CD, 2013 WL 1197867, at *1-2 (Tenn. Crim. App. Mar. 25, 2013), perm. app. denied (Tenn. June 13, 2013).  The Petitioner received a sentence of twelve years as a persistent offender, and this court affirmed his conviction on direct appeal.  Id. at *1.  The Petitioner later filed a petition for post-conviction relief, which the trial court denied, and this court affirmed on appeal.  Timothy A. Baxter v. State, No. W2013-02427-CCA-R3-PC, 2014 WL 6680666, at *1 (Tenn. Crim. App. Nov. 26, 2014).

On July 23, 2020, the Petitioner filed a pro se petition for writ of habeas corpus, noting that it was second petition, the first having been filed on May 2, 2017.  The first

petition addressed the validity of his arrest warrant. Regarding the outcome of the petition, the Petitioner states only that the first petition was "transferred" from Madison County to Trousdale County. In the instant petition, the Petitioner alleged that he was "denied an indigency hearing and denied counsel at the preliminary hearing" and that the indictment failed to provide him "notice" of the charges he faced and was "constructive[ly] amended" at trial. On August 17, 2020, the State filed a motion to dismiss the petition, asserting that the Petitioner "fail[ed] to provide a complete record to support his allegations" and had not presented claims that were "cognizable in a habeas petition[.]" On September 15, 2020, habeas corpus counsel entered a "notice of appearance" and filed an answer to the State's motion to dismiss, averring that "an attorney must be provided to an indigent defendant[,] or there must be knowing and voluntary waiver of that right." With the answer, counsel also "submit[ed] a transcript and the recording of his preliminary hearing[.]" On November 9, 2020, the habeas corpus court summarily dismissed the petition by written order, finding that the Petitioner failed to provide a complete record to the court and that "deprivation of counsel at the preliminary hearing is not cognizable in a habeas petition." The court further found that the Petitioner's "challenge to his indictment lack[ed] merit." The Petitioner filed a notice of appeal on December 7, 2020. Sometime after the notice of appeal was filed, the parties to the instant case were notified that the preliminary hearing transcript and recording were not given to the trial court by the clerk before it summarily dismissed the petition due to staffing issues caused by the COVID-19 pandemic. On August 17, 2021, the State obtained an affidavit from Jeannetta Kimbro, a Tennessee Department of Correction administrative services manager, stating that the Petitioner's sentence in the instant case expired on December 16, 2020. [green folder]. The State filed a Tennessee Rule of Appellate Procedure 14(b) motion to consider the post-judgment facts regarding Kimbro's affidavit, which this court granted on August 30, 2021. [green folder]. The Petitioner now proceeds pro se.

## ANALYSIS

On appeal, the Petitioner contends that the habeas corpus court erred in summarily denying his petition, specifically asserting that the trial court erred in finding he failed to provide a complete record, in finding that deprivation of counsel at a preliminary hearing is not cognizable under habeas corpus relief, and in finding that his indictment provided sufficient notice. Further, the Petitioner contends that his sentence is not expired and "cannot be dismissed" because it is an "element and foundation offense" for the six-year sentence he is currently serving for felony failure to appear. The State responds that the habeas corpus court did not err in summarily denying the petition, and the instant appeal should be dismissed because the Petitioner's sentence has expired. We agree with the State.

- 2 -

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see T.C.A. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (Tenn. 1968)). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). It is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App. Mar. 11, 1998).

Initially, we agree with the State that the Petitioner's sentence has been served and expired. The Defendant's sentence in the instant aggravated assault case expired on December 16, 2020, as evidenced by Kimbro's affidavit. As noted by our supreme court, habeas corpus relief is available only to persons who are "imprisoned or restrained of liberty." State v. Brown, 479 S.W.3d 200, 206 (Tenn. 2015) (quoting Tenn. Code Ann. § 29-21-101(a)). That the Petitioner's felony failure to appear conviction stems from the instant aggravated assault conviction is inconsequential to its expiration, despite the

- 3 -

Petitioner's arguments to the contrary. Failure to appear is a separate crime and a separate conviction from the aggravated assault conviction. See Tenn. Code Ann. § 36-16-609. Therefore, relief via a writ of habeas corpus addressing the aggravated assault conviction is unavailable to the Petitioner. It was well within the habeas corpus court's discretion to summarily dismiss the petition based solely on the Petitioner's expired sentence.

Moreover, even if the Petitioner demonstrated a deprivation of liberty deriving from his expired aggravated assault sentence, he has failed to state a colorable claim for relief. Though the Petitioner asserts that he was denied counsel at his preliminary hearing, this court has long recognized that challenges to convictions based upon constitutional violations in the conviction proceedings are issues for post-conviction relief rather than habeas corpus relief. Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982); see Fredrick B. Zonge v. State, No. 03C01-9903-CR-00094, 1999 WL 1191542, at *1 (Tenn. Crim. App. Dec. 16, 1999) (explaining that "[a]lleged violations of constitutional rights are addressed in postconviction, not habeas corpus, proceedings"), perm. app. denied (Tenn. June 26, 2000). Further, "Any violation of the constitutional right to counsel would merely render a judgment voidable rather than void." Ricky Benson v. State, No. W2018-00967-CCA-R3-HC, 2019 WL 1388195, at *2 (Tenn. Crim. App. Mar. 26, 2019). We note that the Petitioner did not raise such an issue in his petition for post-conviction relief, which this court has already affirmed on appeal. See Timothy A. Baxter, 2014 WL 6680666, at *1. Even if a writ of habeas corpus were the appropriate vehicle for relief in a question of deprivation of counsel, we note that the Petitioner's reliance on State v. Golden, 941 S.W.2d 905, 907 (Tenn. Crim. App. 1996) is misplaced. In Golden, the trial court found that the defendant was effectively denied a preliminary hearing when the State acquiesced to the defendant's motion to suppress, allowed the arrest warrant to be dismissed for lack of probable cause, and then presented the same suppressed evidence to a grand jury. Id. at 908. In essence, the State was able to work around having any form of a preliminary hearing. Such is not true in the instant case. A review of the preliminary hearing transcript reveals that the Petitioner was given a preliminary hearing and was allowed to cross-examine witnesses but chose not to do so. We also note that regardless of whether the habeas corpus court's finding that the record was incomplete was in error, a review of the preliminary hearing transcript and recording would have no bearing on the fact that deprivation of counsel is not a cognizable claim under habeas corpus relief.

Finally, even if the Petitioner's sentence was not expired, his assertions that the indictment failed to provide notice of the charge he faced and was constructively amended at trial are unpersuasive. Our supreme court has held that "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). "Generally stated, an indictment is valid if it provides sufficient information (1) to enable the accused to know the accusation to which

answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). The Petitioner seems to assert that he committed simple assault which was erroneously "increase[d] to a Class C felony" despite the fact that the Petitioner "did not use or display a deadly weapon in committing simple assault." However, the indictment relevantly states that the Petitioner "did intentionally and/or knowing[ly] cause serious bodily injury to RICHARD UPRIGHT in violation of Tenn. Code Ann. § 39-13-102(a)(1)(A)" on or about December 8, 2010. In State v. Hammonds, 30 S.W.3d 294 (Tenn. 2000), our supreme court noted that "an indictment which references the statute defining the offense is sufficient and satisfied the constitutional and statutory requirements of Hill." Id. at 300. Further, "an indictment need not allege the specific theory by which the State intends to prove each element of an offense to achieve the overriding purpose of notice to the accused." Id. The Petitioner's indictment provided notice that he was charged with aggravated assault, a Class C felony, and "[t]racked the language of" Tennessee Code Annotated section 39-13-102(a)(1)(A), specifically mentioning the serious bodily injury element and the requisite intent. See Jesse Teasley v. Jack Morgan, Warden, No. E2005-00102-CCA-R3-HC, 2005 WL 2756074, at *2 (Tenn. Crim. App. Oct. 25, 2005).

With respect to the Petitioner's contention that his indictment was constructively amended at trial, this court has stated that an indictment is constructively amended when "the jury is permitted to convict the defendant upon a factual basis that effectively modifies an essential element of the offense charged." State v. Goodson, 77 S.W.3d 240, 244 (Tenn. Crim. App. 2001). Such a scenario did not exist in the instant case. The indictment charged the Petitioner with aggravated assault resulting in serious bodily injury, and the jury convicted the Petitioner of aggravated assault resulting in serious bodily injury under the theory of "extreme physical pain." Timothy A. Baxter, 2013 WL 1197867, at *4. Though the indictment did not give notice of which of the six theories of "serious bodily injury" the State intended to proceed under, it was not required to. See, e.g., State v. Lemacks, 996 S.W.2d 166, 172 (Tenn. Crim. App. 1999) (concluding that an indictment for DUI satisfied notice requirements despite failing to include all of "[t]he theories available to support a conviction of that offense").

Notwithstanding the Petitioner's expired sentence, he has failed to state a colorable claim upon which relief may be granted. The Petitioner is not entitled to relief.

## CONCLUSION

Based on the above authority and reasoning, we affirm the judgment of the habeas corpus court.

- 5 -

_____
CAMILLE R. MCMULLEN, JUDGE